IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANNY ROUND, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>OFFICER BRANDELL, in his individual )<br>capacity; COMMANDER ARCE, in his )<br>individual capacity; SUPERINTENDENT V. )<br>THOMAS; in his individual capacity; COOK )<br>COUNTY DEPARTMENT OF )<br>CORRECTIONS, )<br>Defendants. ) | No. 14 C 7181<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danny Round instituted this action against Officer Brandell, Commander Arce, Superintendent V. Thomas, and the Cook County Department of Corrections ("CCDOC") (collectively the "Defendants") for violations of 42 U.S.C. § 1983 stemming from injuries he received from another inmate while Round was in the Defendants' custody at the Cook County Jail. Specifically, Round was assaulted by another inmate and suffered a broken nose and a concussion and required multiple surgeries to correct the damage. Round contends that the Defendants failed to protect him and were deliberately indifferent to a serious risk of injury in violation of the Eighth and Fourteenth Amendments of the Constitution. Defendants Arce and Thomas move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Round failed to allege the requisite knowledge and culpability to state a claim of deliberate indifference. The CCDOC also moves to dismiss, contending it is a non-suable entity and that, even if it were properly named in the Amended Complaint, respondeat superior liability does not affix in Section 1983 cases. For the following reasons, the Court grants the Defendants' motion

to dismiss. (Dkt. No. 34). Counts II, III, and IV of the Amended Complaint are dismissed without prejudice.

## BACKGROUND

The following facts are taken from Round's First Amended Complaint and are taken as true for purposes of this motion to dismiss. *See Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014).

Round was a detainee of Division IX of the CCDOC in Chicago, Illinois. (Dkt. No. 16, ¶ 3). After being threatened by other detainees, Round was placed, upon his own request, in Division IX's Protective Custody Unit ("PCU") on November 30, 2012. (*Id.* at ¶ 16). The PCU contains individual cells and a common area called a "day room." (*Id.* at ¶ 11). Pursuant to CCDOC policies, officers assigned to the PCU must "maintain continuous visual contact with inmates out in the day room" and may not enter the PCU "without proper back-up." (*Id.* at ¶¶ 14, 15). Brandon Griffin, another inmate at the CCDOC, was a member of the Insane Gangster Disciples and had at least five documented incidents of violence toward other inmates as a detainee in Division IX. (*Id.* at ¶¶ 10, 17). The CCDOC placed Griffin in the PCU after Round was relocated there. (*Id.* at ¶ 18). After being placed in the PCU, Griffin threatened Round with physical harm. (*Id.* at ¶ 19).

On April 30, 2013, Round informed Brandell that Griffin threatened to harm him and requested to not enter the day room with Griffin. (*Id.* at ¶ 20). Brandell ignored Round's request and forced him into the day room. (*Id.* at ¶ 21). Brandell did not maintain continuous visual contact with Griffin and the other inmates after ordering Round into the day room. (*Id.*). Brandell was the only officer on duty and did not have backup in the event of an incident. (*Id.* at ¶ 22). Griffin proceeded to physically assault Round, without intervention by Brandell or the CCDOC,

by striking him in the face, kicking him, and stomping on his head until Round was unconscious. (*Id.* at ¶ 23). As a result of the attack, Round sustained a fractured nose and a concussion that required hospitalization and multiple surgeries. (*Id.* at ¶ 24). On May 1, 2013, the CCDOC transferred Griffin to Division IX's Special Incarceration Wing for his history of violence. (*Id.* at ¶ 25).

According to Round, Brandell violated CCDOC policy by both failing to monitor Griffin in the day room and failing to have backup on hand. (*Id.* at ¶¶ 32-34). Round further alleges that Arce and Thomas were responsible for supervising officers of the PCU (including Brandell), were aware of the PCU policies, and knew of the substantial threat that Griffin posed to Round based on Griffin's disciplinary history. (*Id.* at ¶¶ 41-43, 52-54). Round claims that Arce violated policy by failing to ensure Brandell had proper backup prior to the assault. (*Id.* at ¶ 44). Round also claims that Thomas violated policy by failing to provide sufficient staff to monitor the PCU and prevent attacks by detainees. (*Id.* at ¶ 55).

Round initially filed a *pro se* complaint on September 12, 2014 against Arce, Thomas, Brandell, and two other individuals employed by the CCDOC at the time of the assault. (Dkt. 1). The Court recruited counsel for Round on October 28, 2014. (Dkt. 10). Round's counsel filed his Amended Complaint on January 12, 2015. (Dkt. No. 16). Arce and Thomas now move to dismiss the counts against them for failure to state a claim upon which relief may be granted, contending that Round's allegations, taken as true, fail to demonstrate that either party knew of the risk Griffin posed to Round. The CCDOC moves to dismiss the count against it, arguing that it is not a suable entity and that, even if it were, theories of respondeat superior do not apply to Section 1983 suits.

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *See Bibbs v. Sheriff of Cook County*, No. 13-3355, 2015 WL 4036291, at *2 (7th Cir. July 2, 2015). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *Id.* A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* at 677-78.

**DISCUSSION**

**A.      Counts II and III against Arce and Thomas Fail to State a Claim of Deliberate Indifference**

Round brings forth nearly identical Eighth Amendment failure to protect claims against Arce (*see* Dkt. No. 16, ¶¶ 37-47) and Thomas (*see* Dkt. No. 16, ¶¶ 48-57) in Counts II and III of his Amended Complaint. As set forth in both Counts, Round alleges that Arce and Thomas detained Round under dangerous conditions, (¶¶ 40, 51), "knew that Griffin was dangerous and posed a substantial threat of harm [to Round]," (¶¶ 41, 54), and failed to ensure that the CCDOC's policies were properly implemented to protect Round. (¶¶ 44, 55). Because they raise

4

substantially similar factual allegations against either Defendant, the Court addresses Counts II and III in tandem.

While in custody at the CCDOC, Round was constitutionally protected from cruel and unusual punishment pursuant to the Eighth Amendment. The Eighth Amendment's cruel and unusual punishment clause requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted); *Baird v. Hodge*, No. 14-1088, 2015 WL 1403702, at *3 (7th Cir. Mar. 27, 2015). An "official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). To bring forth a failure to protect claim, a claimant must allege: "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that [the prison official] acted with deliberate indifference to that risk." *Santiago v. Wells*, 599 F.3d 749, 758 (7th Cir. 2010).

The first prong is an objective one. *Farmer*, 511 U.S. at 834. Round's alleged injuries must be "sufficiently serious" to show that prison officials deprived him of "the minimal civilized measure of life's necessities." *Id.*(citation omitted); *see DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989) (life's minimal necessities include "reasonable safety"). The allegations of Round's assault are disturbing. Griffin struck him in the face, kicked him, and proceeded to stomp on his head, rendering him unconscious. (Dkt. No. 16, ¶ 23). Round suffered from a broken nose and concussion, had difficulty walking and standing following the attack, and underwent multiple surgeries to repair the injuries to his nose. (*Id.* at ¶ 24).

The CCDOC employs policies designed to ensure the safety of PCU detainees and staff, but according to Round's allegations, these policies were not abided by. Round claims that (1) Brandell's failure to supervise the day room, (2) Arce's failure to ensure that PCU staff had backup in the case of any altercation, and (3) Thomas's failure to provide sufficient personnel in the PCU combined to create a substantial risk of harm. Arce allegedly failed to ensure that Brandell had proper backup at the time of the assault and Thomas allegedly failed to provide sufficient staff in the PCU to intervene in a violent attack. (¶¶ 47, 57). Taken as true, these allegations show that the PCU was unprepared to handle a violent incident between detainees. Therefore, the Court finds that Round has properly pled that a substantial risk of harm may have existed.

The Court's inquiry does not stop there, however, as the second element of the officers' actual state of mind of "deliberate indifference" to the deprivation must also be sufficiently pled. Deliberate indifference is something approaching total unconcern for a plaintiff's welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991) (abrogated on other grounds) & *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986) (abrogated on other grounds)). A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir. 1997). Such total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill*, 944 F.2d at 347.

Round's claims against Arce and Thomas fail because he has not stated sufficient facts that lead to the inference that Arce or Thomas had knowledge of the specific threat that Griffin

6

posed to Round on April 30, 2013. Round alleges only that Arce and Thomas "knew that Griffin was dangerous and posed a substantial threat of harm to [him]." Alone, that conclusion fails to meet the threshold requirement of "actual knowledge" of the circumstances surrounding the attack. *See Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) ("it is not enough that a reasonable prison official would or should have known that the prisoner was at risk; the official must actually know of and disregard the risk to incur culpability."). Although Griffin had a documented history of violent incidents while housed in Division IX, a "deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Round's reliance on *Santiago* is misplaced. In *Santiago*, the plaintiff sent an emergency grievance directly to the warden's office after being placed in a cell with a dangerous inmate, thereby putting the warden on notice of the potential risk. 599 F.3d at 758. Combined with the allegation that the warden "knew or should have known" that the inmate was dangerous, the Seventh Circuit found that the plaintiff sufficiently pled the Warden's requisite state of mind to state a claim of deliberate indifference to harm. *Id.* at 757 (plaintiff stated a claim against prison warden for failure to protect where cellmate had history of assaulting his cellmates and four days prior to underlying assault, plaintiff had filed an emergency grievance with the warden requesting a cell change). An allegation that Round told either Arce or Thomas of his concerns surrounding Griffin is noticeably absent here. Only Brandell was aware that Griffin threatened Round with physical harm and Round does not allege that Brandell relayed this information to either Arce or Thomas.[1] Consequently, without knowledge of any impending harm, neither Arce nor Thomas can be held liable for deliberate

---

[1] Defendants concede that Count I, alleging failure to protect against Officer Brandell, is sufficiently pled. (Dkt. No. 39, 4 n.1).

7

indifference under the facts pled in the Amended Complaint and the Court dismisses Counts II and III against them without prejudice.

Round also alleges in Counts II and III that Arce and Thomas failed to ensure that the correctional officers under their supervision comported with CCDOC policies. Round argues that "Defendant Arce's and Thomas' failure to protect arises from their respective failures to carry out CCDOC's back-up policy that would have protected [Round] from an attack." (Dkt. No. 38 at 8).This allegation does not save his claims against them. Section 1983 creates a cause of action for damages based on personal liability; thus Round must show Arce and Thomas were personally involved in the unsafe conditions of which he complains. *See Solivan v. Dart*, 897 F. Supp. 2d 694, 705 (N.D. Ill. 2012) (citing *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986)). The doctrine of respondeat superior, under which a supervisor may be held liable for an employee's actions, has no application to Section 1983 actions. *See Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). According to Round, Thomas did not provide sufficient staff to monitor the PCU and Arce did not ensure that Brandell had backup before Round was forced into the day room. However, simply "ignoring internal prison procedures does not mean that a constitutional violation has occurred." *Langston v. Peters*, 100 F.3d 1235, 1238 (7th Cir. 1996). Accordingly, Arce and Thomas cannot be held liable under Section 1983 for failing to ensure that PCU correctional officers properly executed CCDOC internal policies.

**B.     Count IV Fails to State a Claim Against the CCDOC**

Count IV against the CCDOC is premised upon the theory of respondeat superior. Round alleges that Brandell, Arce, and Thomas violated his constitutional rights while on duty and that such violations were committed within the scope of their employment with the CCDOC. However, the CCDOC is not a suable entity. *Rollins v. Murphy*, 598 F. App'x 449, 450-51 (7th

Cir. 2015). More fundamentally, however, a municipality may not be held liable under a respondeat superior theory merely because it employs a tortfeasor. *See Aschcroft*, 556 U.S. at 676; *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *see also Gayton*, 593 F.3d at 622 (respondeat superior does not apply in Section 1983 actions). Instead, a municipality is only liable in a Section 1983 case when the municipality's policy or custom inflicts the plaintiff's injury. *See Monell*, 436 U.S. at 694 (government's policy must inflict the injury itself). According to Round, his injuries were the result of the Defendants' failure to comply with the CCDOC policies, policies he contends were put in place to protect detainees. (Dkt. No. 16, ¶ 22, 36, 44, 55). He has not alleged that a municipal policy or custom inflicted his harm. Therefore, the Court dismisses Count IV without prejudice.

## CONCLUSION

For the reasons stated herein, the Court grants the Defendants' motion to dismiss Round's Amended Complaint. The Court dismisses Counts II, III, and IV without prejudice. Round's counsel has until August 21, 2015 to file an amended complaint alleging facts consistent with this order if he is able to do so consistent with his Rule 11 obligations. *See* Fed. R. Civ. P. 11(b).

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 8/3/2015